IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHONTALE L. HOLSTON )
O/B/O BJH, )
  )
  )     Civil Action No. 2:06-CV-635-TFM
     Plaintiff, )
  )
v. )
  )
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
  )
     Defendant. )

## MEMORANDUM OPINION AND ORDER

Shontale L. Holston ("Holston") applied for supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq*., on behalf of her minor son, B.J.H. ("BJH"), who is now 8 years old. After the administrative denial of his application, BJH petitioned for and received a requested hearing before an administrative law judge ("ALJ"). On January 28, 2005, the ALJ ruled against BJH. Specifically, the ALJ held that BJH was not under a "disability" as defined in the Social Security Act at any relevant time in issue. (R15-23). Further, the ALJ found the impairments of BJH did not amount to "marked and severe "functional limitations. (R12-23). On May 19, 2006, the Appeals Council rejected review, thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). (R4-6). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c).

After careful scrutiny of the record and briefs, the court AFFIRMS THE COMMISSIONER'S DECISION.

## I.  STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.    The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). The Commissioner's decision must stand conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is less than a preponderance; instead, it is considered such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).  As substantial  evidence is "more than a scintilla," *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987),  it "must do more than merely create a suspicion of the existence of the fact to be established." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).  The court must examine the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

BJH was age 7 during the January 28, 2005 hearing wherein the ALJ ruled against BJH. Holston alleges BJH suffers from seizures which render BJH disabled within the meaning of the

Social Security Act.  BJH has not engaged in substantial gainful work since January 1, 2000, the alleged onset date of disability. (R 16).   At the time of the hearing, BJH was repeating the first grade due to reading delays. (R110, 179).  Consequently, BJH  attended special education in a resource room for speech and language impairment (R71-95 ,105-126).  The ALJ found the subjective allegations of the mother were  "not fully credible" (R. 22).  The ALJ  found the alleged impairments– seizure disorder and speech impairment– to be "medically determinable severe impairments". (R 16).  More importantly, the ALJ determined  that BJH suffered no "impairment or combination of impairments which meet or medically or functionally equals in severity one set forth in the Listing of Impairments" and thus found BJH's  impairments did not result in "marked and severe" functional limitations.  Accordingly, the ALJ found BJH was not disabled within the meaning of the Social Security Act.[1]

---

[1]R. 16-23. The ALJ's disability analysis followed the three-step sequential evaluation process applicable for childhood disability cases set forth in 20 C.F.R. §§ 404.1382c and 416.924 and summarized in *Shinn v. Commissioner of Social Security*, 391 F. 3d 1276, 1278-79 (11th Cir. 2004):

> The process begins with the ALJ determining whether the child is 'doing substantial gainful activity' in which case she is considered 'not disabled' and is ineligible for benefits.  20 C.F.R. §416.924(a),(b). The next step is for the ALJ to consider the child's 'physical and mental impairments' to determine if she has an 'impairment or combination of impairments that is severe'. *Id.* §§416.924(a)(c)...For an applicant with a severe impairment, the ALJ next addresses whether the impairment 'causes marked and severe functional limitations' for the child. 20 C.F.R. §§416.924(b), 416.924(d). Limitations arising from pain count in this determination.  *Id.* §416.924(a)...A child's impairment is recognized as causing 'marked and severe functional limitations' if those limitations 'meet[], medically equal[], or functionally equal[] the Listings.' Id. §416.911(b)(1); see also §§416.902, 416.924(a)...Assuming that the limitations stemming from a child's severe impairment meet, medically equal, or functionally equal the limitations specified in the Listings, the ALJ concludes by ensuring that the impairment 'meets the duration requirement' specified in the federal regulations. Id. §416.924(a).  This 'duration requirement' is that the impairment must 'be expected to cause death or...has lasted or can be expected to last for a continuous period of not less than 12 months.' 20 C.F.R.

### III.  ISSUES

Holston  presents two issues for judicial review:[2]

1.      whether the ALJ erred in applying the regulation on medical and functional
        equivalence for children found at 20 CFR §416.926 and §416.926a.

2.      whether the ALJ made proper credibility findings.

### IV.  DISCUSSION

On appeal, BJH challenges the ALJ's functional equivalency assessment that  BJH  does not
have marked or extreme  limitations in the domains of acquiring and using information, attending
and completing tasks, and physical well being.

The parties do not dispute the applicable law.  To functionally equal the Listings, a severe
impairment or a combination of impairments must result in "marked" limitations in two of the
following domains of functioning or an "extreme" limitation in one of the following domains:
(1)acquiring and using information; (2) attending and completing tasks; (3) interacting and relating
with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and
physical well-being. 20 C.F.R. §416.926a(a); 20 C.F.R. §416.926a(b)(1).  A  "marked" limitation
occurs when the impairment(s) interferes seriously with the ability to independently initiate, sustain,
or complete activities while an "extreme" limitation occurs when  the impairment(s) interferes very
seriously with the ability to independently initiate, sustain, or complete activities.  20 C.F.R.

---

§416.906; see also id. §416.909.

[2]Brief and Argument of Plaintiff at 5 and 7 ("*Pl.'s Br.*")(Doc. 13, filed November  28, 2006).

§416.926a(e).[3]

Holston contends that BJH demonstrated "marked limitations in the domain of acquiring and using information because BJH had to repeat first grade. The Commissioner responds that the ALJ's decision clearly demonstrates the ALJ properly considered all evidence of record and his findings are supported by substantial evidence. The court agrees.

In the domain of acquiring and using information, BJH cites his retention in first grade and his attendance of special education classes for speech and language. The record shows the grounds cited by BJH are not sufficient, alone or in combination, to rise to the level of a marked limitation. BJH attends special education classes less than six hours per week. (R. 113) Further, BJH repeated first grade due to reading delays. (R. 110). The Star diagnostic report shows BJH is only slightly behind his peer groups in reading but is an emergent reader.(R. 115). Notably, BJH earned no less than a B or S in any academic subject. (R. 116).

With respect to the domain of attending and completing tasks, BJH relies upon the medical records submitted by Dr. Sanchez and Dr. Alexander which document that BJH suffers from petit mal seizures. BJH alleges the seizures affect the ability to concentrate thus rendering him unable to attend to and complete tasks. The Commissioner agrees BJH has seizure disorder but the disorder does not affect the ability of BJH to attend and complete tasks to the degree alleged by BJH. The Court agrees with the ALJ.

In fact, the court finds that the most credible and telling evidence before the ALJ was the Teacher Questionnaire. (R. 96). BJH is described in the Teacher Questionnaire as not significantly

---

[3] A "marked" limitation also means a limitation that is "more than moderate" but "less than extreme." An "extreme" limitation also means a limitation that is "more than marked." 20 C.F.R. §416.926a(e).

different from other students (R. 97).  BJH is further described as being able to satisfactorily attend and complete tasks on time at his grade level. (R.96, 99).   Holston answered "no" to the question which asked whether BJH had limited ability to pay attention and stick with a task. (R. 54).

Finally, BJH argues the ALJ wrongly found less than marked limitations in the domain of health and well being because a medical expert is necessary to determine medical equivalence. (Pl. Br.  p.7).  This contention is simply wrong as a matter of law and fact.  Expert medical testimony is one means to determine medical equivalence but the ALJ may consider all evidence in the case record to determine medical equivalence.  20 CFR § 416.926(c). Further,  Percy Sullivan, M.D., authored  a  medical review consistent with the ALJ findings. (R. 145).

The medical evidence of record  reveals BJH  had his first, afebrile seizure when he was 8 months old, but the physician did not prescribe anti-convulsant medication or perform a work up.(R. 155).  BJH suffered his second seizure almost 5 years later.(R. 155).  No work up or medications were prescribed for BJH after the second seizure.(R. 155).  Holston, the mother of BJH, reported that BJH has staring episodes where BJH appears to be looking up blankly accompanied by slight shaking of one hand.  During the staring episodes it appears BJH has alteration of consciousness. (R. 155).  Each episode is brief, lasting less than 10 minutes, and occurs once every one to two months. (R 155). Holston discontinued seizure medications because of the side effects on BJH. (R 151).  Holston had no follow up medical appointments until September 30, 2004.(R. 171).  The foregoing findings do not alone or in combination overcome the hurdle for BJH to receive benefits.

The parties implicitly and explicitly agree BJH has a seizure disorder but the rest of the record establishes BJH missed only 5 days during 170 school days.(R. 108).  Four of the five absences were excused absences but assuming all 5 absences were related to seizure disorder, BJH

cannot show that his seizure disorder is frequent or intense enough to establish marked limitations in the domain of health and well being. 20 CFR § 416.926(a). Holston admits in the medical records and other documents in the record before the ALJ, the effects of the seizures upon BJH are very brief. (R. 183, 185-186 ). As described by Holston, the seizures and side effects are not frequent enough or of sufficient duration to establish marked limitations in the health and well being domain. 20 CFR § 416.926a (e)(2)(iv).

Finally, BJH argues the ALJ did not make proper credibility findings to discount Holston's subjective allegations. The credibility findings are moot and do not merit detailed analysis because the ALJ had substantial evidence to support his findings. Even if the credibility findings were not moot, the ALJ conducted enough fact finding to allow meaningful review. *Foote v. Chater*, 67 F. Ed 15533, (11th Cir. 1995). *Chater* stands for the proposition that if proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific finding. The ALJ found the claimant's subjective allegations were not fully credible. (R. 22). Implicit in the holding is the finding Holston's allegations regarding BJH were not fully credible as well. Holston completed the application plus documents related to the application and testified at the hearing. (R. 46-55, 178-193). To the extent Holston gave testimony and reports related to BJH's limitations in the two disputed domains, such evidence does not dictate a finding that BJH had a marked limitation in either of the disputed domains.

In an SSI case where the child is unable to adequately describe his symptoms, the ALJ must make specific findings concerning credibility of a parent's testimony, just as he would if the child testified. 20 C.F.R. §416.928(a)(2006). The ALJ found Holston's allegations not credible. (R. 22).

7

Holston testified she was told to gradually take BJH off his medication because of side effects.  (R. 21, 181-182).  The medical records indicate Holston was noncompliant with the treatment regime and took BJH off the medication by her own initiative. (R21-161).  Noncompliance with the medical treatment regime is a factor the ALJ may consider in discrediting a claimaint's testimony.  *Ellison v. Barnhart*, 355 F. 3d 1272, 1275 (11th Cir. 2003). Further, testimony by a claimant at the hearing inconsistent with statements made by the claimant in the written records is another factor the ALJ may consider in drawing credibility findings adverse to the claimant. *see McCray v. Massanari*, 175 F. Supp. 2d 1329, 1338 (M.D. Ala 2001).  The ALJ may also consider the lack of or substantial gaps in seeking medical treatment to draw credibility findings adverse to the claimant. *Moad v. Massanari*, 260 F. 3d 887, 890 (8th Cir. 2001).

In the disputed domains, BJH merely attempts to weigh anew the evidence and draw his own conclusions.  While BJH  may disagree with the manner in which the ALJ took account of the evidence, the court cannot reweigh the evidence.  *Sewell v. Bowen*, 792 F. 2d 1065, 1067 (11th Cir. 1986).  Nor can the court decide the facts anew or substitute its judgment for that of the ALJ.  *See Phillips v. Barnhart*, 357 F. 3d 1232, 1240 n. 8 (11th Cir. 2004).   Although this court may have reached a contrary result as the finder of fact, it must affirm the decision if it is supported by substantial evidence.  *Edwards v. Sullivan*, 937 F. 2d 580, 584 n. 3 (11th Cir. 1991).  Consequently, substantial evidence supports the ALJ's decision and remand or reversal is not warranted.

## V.  CONCLUSION

For the reasons set forth supra, the decision of the  Commissioner is **AFFIRMED**.


Done this 16th day of January, 2007.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE